IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

ALFRED WISHER,

    Defendant.

CASE NO. 4:19-cr-00201

**O R D E R**

This matter comes before the Court on the Government's Supplemental Motion in Limine. (Doc. 145.) On June 28, 2021, the Court held a pretrial conference for this case and announced rules for trial regarding facemasks in light of the continuing COVID-19 pandemic. (Doc. 143.) It also limited the number of individuals in the courtroom. (Id.) In its Motion, the Government makes several requests most of which relate to those rules. (Doc. 145.) First, it asks that the Court make "an exception to the no-visitor rule" and allow some individuals to be present in the courtroom as spectators. (Id. at pp. 1–2.) Next, the Government requests that Defendant be required to remove his facemask "during the testimony of [the] witnesses who will be asked to identify him in court and during his own testimony." (Id. at pp. 2–3.) Finally, the Government asks that Defendant not be allowed to argue "that the government has agreed not to prosecute him." (Id. at p. 6.) After consideration, the Court **GRANTS IN PART** and **RESERVES RULING IN PART** as to the Government's Motion. (Id.) Specifically, the Court **GRANTS** the Government's request to allow certain individuals to attend the trial as spectators and also precludes Defendant from arguing that the Government agreed not to prosecute him. However, the Court **RESERVES**

**RULING** on the issue of whether Defendant should wear a facemask during the testimony of witnesses who will be asked to identify him or in the event that he testifies.

## BACKGROUND

In this case, Defendant is charged with eleven felony counts: three counts of possession of a firearm by a convicted felon; possession of a stolen firearm; theft of a firearm; carjacking; using and carrying a firearm during and in relation to a crime of violence; attempted interference with interstate commerce by robbery; using, carrying, and brandishing a firearm during and in relation to a crime of violence; conspiracy to use and carry a firearm during and in relation to a crime of violence and conspiracy to interfere with commerce by robbery. (Doc. 109; doc. 117-1.) On June 28, 2021, the Court held a conference in advance of Defendant's trial. (Doc. 143.) At the conference, the Court announced that individuals who have not been vaccinated against the virus that causes COVID-19 would be required to wear a facemask during trial.[1] (Id.) In addition, the Court announced that it would not allow spectators in the courtroom during the trial because of the ongoing pandemic and the limited amount of space in the courtroom although interested individuals would be able to listen to the trial through a publicly available telephone line. (Id.) Near the end of the conference, Defendant stated that he did not wish to proceed to trial and that the Government had agreed not to prosecute him. (Id.) Defendant has sent several letters to the Government with headings such as "Request For Proof of Claim," (doc. 145-1), "Notice of Fault and Opportunity to Cure and Contest Acceptance," (doc. 145-2), "Notice to Agent is Notice to Principal Notice to Principal is Notice to Agent," (doc. 145-3). In these letters, Defendant makes numerous claims including that "within the UNITED STATES OF AMERICA court judgments

---

[1] The Court also stated that witnesses would not wear masks while they testified regardless of vaccination status as they would be sufficiently distanced from other trial participants. (Doc. 143.)

cannot be discharged in light of the fact[] . . . that no lawful money (backed by gold or silver) exists with the UNITED STATES OF AMERICA as all actions and judgments are laid against 'corporate fictions.'"  (Doc. 145-1, p. 6.)  The Government did not respond to any of these letters but provided copies of them to Defendant's attorney.[2]  (Doc. 145, p. 6 n.2.)  Following the pretrial conference, the Government filed the at-issue Supplemental Motion in Limine.  (Doc. 145.)

## DISCUSSION

In its Motion, the Government first requests that the Court amend its rule prohibiting spectators in the courtroom to allow certain witnesses to have one individual in the courtroom during their testimony.  (Id. at p. 1.)  The Government explains that several witness will be asked to testify about "emotional and traumatic events" and that "[h]aving a spouse, close friend, or relative in the courtroom during their testimony may help reduce their anxiety in testifying and the secondary trauma attendant with such testimony."  (Id.)  In addition, the Government states that Defendant's alleged accomplice may testify at trial, and that the alleged accomplice's attorney would like to be present for his client's testimony.  (Id. at p. 2.)  The Supreme Court has recognized "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  Dietz v. Bouldin, ⸺ U.S. ⸺, 136 S. Ct. 1885, 1892 (2016).  The Court initiated its prohibition on spectators in the courtroom to better ensure the health and safety of the jury and others in the courtroom during the ongoing COVID-19 pandemic.  However, this goal can still be achieved while allowing the limited number of individuals requested by the Government to attend the trial.  Accordingly, the Court **GRANTS** the Government's request for certain witnesses to have one individual in the courtroom during

---

[2] The record shows that the Government and Defendant reached a plea agreement on July 14, 2020.  (Doc. 62.)  However, Defendant ultimately decided not to proceed with the agreement and did not enter a plea. (Doc. 65.)

each witness's testimony.  (Doc. 145, pp. 1–2.)  The Court also **GRANTS** the portion of the Government's Motion requesting that the attorney of Defendant's alleged accomplice be allowed in the courtroom if the alleged accomplice testifies.  (Id.)  While these individuals will be allowed in the courtroom during the trial, they must wear a mask covering their nose and mouth if they have not been vaccinated against the virus that causes COVID-19, and the Court will discuss with the parties where these individuals will sit to mitigate the chance of virus transmission.

Next, the Government "requests that Defendant be precluded from offering any evidence or testimony concerning his unsupported and irrelevant claim that the government has agreed not to prosecute him." (Id. at p. 6.)  At the pretrial conference, Defendant indicated that he had been in communication with the Government, and that the Government agreed not to prosecute him.  (Doc. 143.)  Now, attached to its Motion, the Government provides several letters that Defendant sent to the Government, (doc. 145-1; doc. 145-2; doc. 145-3), to which the Government did not respond, (doc. 145, p. 6 n.2).  These letters contain a host of claims by Defendant including that "within the UNITED STATES OF AMERICA court judgments cannot be discharged in light of the fact[] . . . that no lawful money (backed by gold or silver) exists within the UNITED STATES OF AMERICA as all actions and judgments are laid against 'corporate fictions.'" (Doc. 145-1, p. 6.)  Defendant has sent letters directly to the Court advancing similar arguments.  (See doc. 114, p. 1 ("[T]he Affiant is a flesh and blood man, and is sovereign in a collective capacity with other sovereigns."); doc. 127, p. 5 ("Affiant is a nonjudicial entity and shall be released from custody as Affiant is a natural person, not involving the law, and the UNITED STATES OF AMERICA has no legal and valid claim against Affiant.")).  Nothing in the record indicates that the Government ever agreed not to prosecute Defendant, and Defendant appears to be arguing that he is a "sovereign citizen."  This argument has been squarely rejected by every court to encounter it

4

including the United States Court of Appeals for the Eleventh Circuit. See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("The phrases [defendant] repeated are often used by so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts . . . . Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); see also, Linge v. State of Georgia Inc., 569 F. App'x 895, 896 (11th Cir. 2014) (per curiam) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is wholly insubstantial and frivolous.") (internal quotations omitted); United States v. Williams, No. CR419-089, 2020 WL 762540, at *4 (S.D. Ga. Feb. 14, 2020) (describing defendant's sovereign citizen arguments as "patently frivolous mumbo jumbo" "that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to all litigants, regardless of how they portray themselves."); United States v. Perkins, No. 1:10-CR-97-1-JEC-LTW, 2013 WL 3820716, at *1–2 (N.D. Ga. July 23, 2013) (summarizing the sovereign citizenship theory and its numerous problems and its tendency to "delay the proceedings, create unnecessary work for the Court and counsel, and distract the Court from adjudication of the case on its merits"). For these reasons, the Court **GRANTS** the Government's request to preclude Plaintiff from arguing that the Government agreed not to prosecute him or from making similar arguments during the trial of this case. (Doc. 145, pp. 5–6.) Moreover, the Court reminds Defendant that it has already granted the Government's Motion to preclude him from espousing his own beliefs regarding "sovereign citizenship" or the "redemptionist theory" during the trial of this case. (See docs. 135, 143.) As the Government correctly pointed out in its Motion, Defendant's beliefs have no relevance to the issues to be decided by the jury, they violate the

5

Court's role to determine the applicable law and to instruct the jury on that law, and they would likely confuse the jury. (Doc. 135, pp. 6–9.)[3] Should Defendant seek to introduce any evidence that in any way pertains to sovereign citizenship, the redemptionist theory, or any related legal theory, he must first seek the permission of the Court outside the hearing of the jury.

Finally, the Government requests "that Defendant be permitted to wear his mask except during the testimony of those handful of witnesses who will be asked to identify him in court and during his own testimony" or alternatively "that Defendant be compelled to wear a clear mask or clear shield." (Doc. 145, pp. 2–3.) The Court will defer ruling on this issue until it has had an opportunity to hear arguments from Defendant's counsel which will take place prior to the Government calling any witnesses. As such, the Court **RESERVES RULING** on whether Defendant should wear a facemask during the testimony of witnesses who will be asked to identify him or in the event that he testifies.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND RESERVES RULING IN PART** as to the Government's Supplemental Motion in Limine. (Doc. 145.) Accordingly, the individuals requested by the Government will be allowed to attend Defendant's trial. In addition,

---

[3] To prove that Defendant knowingly possessed a firearm as a convicted felon, United States must prove that, at the time he possessed the firearm, Defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Rehaif v. United States, ––– U.S. –––, 139 S. Ct. 2191, 2200 (2019) (citing 18 U.S.C. §§ 924(a)(2) & 922(g)); see also id. at 2194 ("We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status."). If he chooses, Defendant will of course be allowed to present evidence to rebut the Government's proof on that element. However, there is a difference between whether Defendant was aware that had been convicted of such an offense and whether he agreed with the legality of his conviction. See United States v. Daniels, 804 F. App'x 944, 946 (10th Cir. 2020) (holding that Section 2255 movant's "argument is not really that he was unaware of his years in prison at the time he possessed a firearm in violation of § 922(g)(1). Instead, his argument is that he *disagreed* with his prior felony convictions, because he viewed himself as a sovereign citizen outside the jurisdiction of the American legal system. That is not a basis for relief under Rehaif.") (emphasis in original). Defendant will not be allowed to interject frivolous legal beliefs at trial in attempt to attack the validity of any prior convictions.

Defendant is precluded from arguing that the Government agreed not to prosecute him. Finally, to allow Defendant's counsel an opportunity to respond, the Court **RESERVES RULING** on whether Defendant should wear a facemask during the testimony of witnesses who will be asked to identify him or in the event he testifies.

    **SO ORDERED**, this 9th day of July, 2021.

                              R. STAN BAKER
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF GEORGIA